

United States District Court
Southern District of Texas
FILED

MAY 09 2018

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. M-16-1589-S1 |
| ELIZABETH LOPEZ-PEREZ<br>RAUL VILLEGAS VILLANUEVA<br>NORBERTO CANTU | § § § § § | |
| ELMER MACARIO RAMOS<br>ARMANDO TANGUMA<br>HEATHER SEGURA | § § § § | |

### SEALED SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

#### Count One

From on or about February of 2013, to on or about the date of this Indictment, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ELIZABETH LOPEZ-PEREZ
RAUL VILLEGAS VILLANUEVA
NORBERTO CANTU**

**ELMER MACARIO RAMOS
ARMANDO TANGUMA
HEATHER SEGURA
and**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. The controlled substance

involved was 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B).

## Count Two

From on or about January of 2015, to on or about November 7, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

### NORBERTO CANTU

did knowingly conspire and agree with other persons known and unknown to the Grand Jurors to transport, transmit and transfer and attempt to transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).

## Count Three

On or about October 7, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### ELIZABETH LOPEZ-PEREZ

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 42 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## Count Four

On or about April 25, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

and
**ELMER MACARIO RAMOS**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substances involved was 5 kilograms or more, that is, approximately 215 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## Count Five

On or about May 12, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ARMANDO TANGUMA**
and
**HEATHER SEGURA**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substances involved was 500 grams or more, that is, approximately 4 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

### Count Six

On or about May 17, 2016 in the Southern District of Texas and within the jurisdiction of the Court, defendant,

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 kilograms or more, that is, approximately 82 kilograms of a mixture or substance containing a detectable amount of marijuana a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Seven

From on or about July 21, 2014, to on or about the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

### ELIZABETH LOPEZ-PEREZ

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of the property located at Lot Twenty-Eight (28) Ranchitos Escondido Subdivision Phase I, Hidalgo County, Texas, as per map or plat thereof recorded under Clerk's File Number 2487603 official records and map records, Hidalgo County, Texas which involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, an offense punishable under Title 21 of the laws of the United States, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds represented the proceeds of some form of unlawful activity.

In violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## Count Eight

From on or about April 21, 2016, to on or about April 27, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### NORBERTO CANTU

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substances involved was 5 kilograms or more, that is, approximately 7 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE

### NOTICE OF FORFEITURE
### (21 U.S.C. § 853)

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the Defendants charged in Counts 1, 4, 5, and 6 of this Indictment, that upon conviction of a violation of Title 21, United States Code, Sections 841 and/or 846,

1. all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

2. all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, is subject to forfeiture.

## MONEY JUDGMENT

Defendants are notified that upon conviction, a money judgment may be imposed subject to forfeiture, for which the Defendants may be jointly and severally liable.

## NOTICE OF FORFEITURE
## (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the Defendants charged in Counts 1, 4, and 6 of this Indictment that upon conviction of a violation of Title 18, United States Code, Section 1956, including conspiracy, all property, real and personal, involved in such violation, and all property traceable to such property, is subject to forfeiture.

## PROPERTY SUBJECT TO FORFEITURE

Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

a. at least $6,000,000.00 in United States currency;

b. real property, improvements and appurtenances located in Weslaco, Texas and legally described as follows:

> A 5.60 acres out of Farm Tract 198, Block 181, West Tract Subdivision, Hidalgo County, Texas, according to the map recorded in Volume 2, Page 34, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for all purposes;

c. real property, improvements, appurtenances located in Hidalgo County and legally described as follow:

> Lot Twenty-eight (28) Ranchitos Escondido, Subdivision Phase I, Hidalgo County, Texas, as per map or plat thereof recorded under Clerk's file number 248 7603 official records and map records, Hidalgo County Texas.

## SUBSTITUTE ASSETS

In the event that property subject to forfeiture, as a result of any act or omission of a Defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

the United States will seek to forfeit any other property of the Defendant up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b) incorporating by reference Title 21, United States Code, Section 853(p).

A TRUE BILL

FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

*[signature]*
ASSISTANT UNITED STATES ATTORNEY